2002 UT 119

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Joseph P. TUNZI, Defendant and Respondent.**

No. 20010676.

Supreme Court of Utah.

Dec. 10, 2002.

---

2. Then-current section 78–3A–18, rather than section 78–3a–104(1)(A), was in effect at the time of the crimes in *Walker*. *See* Utah Code Ann. § 78–3a–18 (1977). However, the substance of those sections, relative to the decision in *Walker*, is the same.

Mark L. Shurtleff, Att'y Gen., J. Frederic Voros, Jr., Asst. Att'y Gen., Bryon F. Burmester, Salt Lake City, for petitioner.

Joan C. Watt, John O'Connell, Salt Lake City, for respondent.

WILKINS, Justice:

¶ 1 We granted the State's petition for certiorari to review the court of appeals' decision in *State v. Tunzi*, 2001 UT App 224, 31 P.3d 588, which interpreted Utah Code Ann. section 78–3a–602 (1996) and vacated the district court's sentence, remanding Tunzi's case to juvenile court for further proceedings. We reverse.

## BACKGROUND

¶ 2 Tunzi was bound over to district court by the juvenile court under the then-current version of section 78–3a–602 to stand trial as an adult for the charge of attempted murder. Tunzi was acquitted of the charge of attempted murder, but was found guilty of aggravated assault. He argued before the district court that it was required to remand his case to the juvenile court because he was acquitted of the charge for which he was bound over. The court refused to remand and Tunzi appealed. Because of problems with the record, Tunzi's conviction was reversed and the case remanded for new a trial.

¶ 3 After remand, Tunzi agreed to plead guilty to aggravated assault and was sentenced. Tunzi appealed the sentence to the court of appeals, arguing again that the district court was bound to remand his case to juvenile court for any proceedings necessary after the finding of guilt for aggravated assault. The court of appeals reversed, holding that section 78–3a–602(10) requires remand to the juvenile court when a youthful offender is acquitted of the specific charge for which he was bound over, even when he is convicted of another charge arising from the same criminal episode.

## ANALYSIS

¶ 4 The controlling issue in this case is whether, under the then-existing version of section 78–3a–602, the district court loses jurisdiction over a minor who is acquitted of the charge for which he was bound over by the juvenile court but is convicted of a different offense arising from the same criminal episode. Our analysis applies only to the 1996 statute, not to subsequent

amendments, and is controlled by the case of *State v. Houskeeper*, 2002 UT 118, 62 P.3d 444. As is fully explained in *Houskeeper*, we have held that the plain language of section 78–3a–602(10) allows the district court to retain jurisdiction over minors such as Tunzi who are found guilty of charges arising from the same criminal episode as that for which they are bound over. *Id.* at ¶ 22, 62 P.3d at 450. Such is the case here. Accordingly, we reverse the court of appeals and affirm the sentence imposed by the district court.

¶ 5 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice HOWE, and Justice RUSSON concur in Justice WILKINS' opinion.